UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------

In re: JEFFREY NEIL HENNEMAN,           BKY. No.: 10-30658
SHERRI MARIE HENNEMAN,           Chapter 7

         debtors.

**NOTICE OF HEARING AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

------------------------------------------------

TO: JEFFREY NEIL HENNEMAN, SHERRI MARIE HENNEMAN AND BARRY A. ROSENZWEIG, ATTORNEY AT LAW.

1. Wells Fargo Bank, N.A., by its undersigned attorneys, Reiter & Schiller, will make a motion for the relief requested below and gives this notice of hearing.

2. The court will hold a hearing on this motion on March 31, 2010 at 1:30 P.M. in Courtroom No. 2B, at the United States Courthouse, at 316 North Robert Street, in St. Paul, Minnesota, or as soon as counsel may be heard before The Honorable Dennis D. O'Brien, United States Bankruptcy Judge.

3. Any response to this motion must be filed and served by delivery or by mail not later than March 26, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

**MOTION TO LIFT AUTOMATIC STAY**

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Feb. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on February 2, 2010.

The case is now pending in this court.

5. This proceeding arises under 11 U.S.C. §362(d), and Fed. R. Bankr. P. 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 9013-3. The movant requests relief from the automatic stay of 11 U.S.C. §362 with respect to real property as described in Exhibit A to this motion that is subject to a perfected security interest in favor of the movant as shown by the terms of the mortgage and note, copies of which are attached hereto as Exhibits A & B, respectively.

6. That pursuant to the provisions of 11 U.S.C. §362(d), the movant alleges that it is entitled to relief from the automatic stay inasmuch as:

a) That as of the date of this motion the total amount of the mortgage default is $4,898.39, plus bankruptcy attorney costs and fees totaling $800.00. A detailed breakdown of said figure can be found on the attached Local Form 4001-1.

b) That as of the date of filing herein, the amount due under said mortgage loan was approximately $130,000.00. Based upon debtors' schedules Wells Fargo Home Equity holds a second mortgage on the property in the amount of approximately $31,255.00. According to the county tax records the current tax assessed value of the property is estimated at $52,366.00. According to the debtors the fair market value of the property is estimated at $106,000.00. Based upon the information available to the movant it estimates the fair market value of the property to be $52,366.00. Based upon the failure of the debtors to make mortgage payments and the lack of equity in the property the movant's interest in the property is not adequately protected.

7. By reason of the foregoing, good cause exists to lift the automatic stay imposed by 11 U.S.C. §362(a) to allow the movant to pursue its remedies under state law.

WHEREFORE, Wells Fargo Bank, N.A., by its undersigned attorneys, moves the court for an order pursuant to 11 U.S.C. §362(d), granting relief from the automatic stay with respect to the real property securing the movant's claim so that the movant may pursue its rights under its mortgage and applicable state law or, in the alternative, for such other relief as may be just and equitable.

REITER & SCHILLER, P.A.

Dated: March 2, 2010    By:   /e/Brian F. Kidwell
        Brian F. Kidwell
        Attorney for Movant
        The Academy Professional Building
        25 North Dale Street
        St. Paul, MN 55102-2227
        (651) 209-9760
        Attorney Reg. 146493
        (Z0739)

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

# VERIFICATION

I, ___Teressa J. Williams___, ___Assistant Secretary___, with Wells Fargo Bank, N.A., declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief. This Verification is made in support of Movant's Motion for Relief from Automatic Stay filed herein.

Dated: __3/2__, 20_10_

WELLS FARGO BANK, N.A.

By: _____
Teressa J. Williams

Its: ___Assistant Secretary___

Subscribed to and sworn before me this
__2__ day of __March__, 20_10_

_____
Notary Public

Henneman Relief Motion – Z0738

OFFICIAL SEAL
Notary Public
State of South Carolina
PENNY S. McCRAVEN
My Commission Expires Dec. 14, 2014

Assessor's Parcel Number: 139-26-415-040

Return To: {Mail Tax Stmts:
WELLS FARGO BANK, N.A.
FINAL DOCUMENTS X4701-022
3601 MINNESOTA DRIVE
BLOOMINGTON, MN 55435-5284

Prepared By:
CLORESSA HERNANDEZ
WELLS FARGO BANK, N.A.
1150 W. WASHINGTON STREET
TEMPE, AZ 85281-

Recording Requested By:
WELLS FARGO BANK, N.A.
1150 W. WASHINGTON STREET
TEMPE, AZ 85281-

20050325-0001662

Fee: $34.00
N/C Fee: $0.00

03/25/2005           10:25:03
T20050053829

Requestor:
   LAWYERS TITLE OF NEVADA

Frances Deane           ADF
Clark County Recorder   Pgs: 21

———————— [Space Above This Line For Recording Data] ————————

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **MARCH 21, 2005** together with all Riders to this document.
**(B) "Borrower"** is

**SHERRI HENNEMAN, AN INDIVIDUAL.**

Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is **WELLS FARGO BANK, N.A.**

Lender is a **National Association**
organized and existing under the laws of **THE UNITED STATES OF AMERICA**

NEVADA- Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     FORM 3029  1/01
Page 1 of 18      Initials: SMH                                       SNV01 Rev 08/13/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                                    SHERRI HENNEMAN            Borrower

## Exhibit A

All that certain real property situated in the County of Clark, State of Nevada, described as follows:

Lot One Hundred Thirteen (113) in Block Eleven (11) of Greater Las Vegas Addition Tract 2, as shown by map thereof on file in Book 4 of Plats, Page 87 in the Office of the County Recorder of Clark County, Nevada.

# FIXED RATE NOTE

MARCH 21, 2005         LAS VEGAS                     NEVADA
_____Date_____         _____City_____                _____State_____

728 N 14TH ST, LAS VEGAS, NV  89101
                    (Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $  132,400.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is _____
WELLS FARGO BANK, N.A.
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.250 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on   MAY 1, 2005    .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal.

If, on APRIL 1, 2035           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at WELLS FARGO BANK, N.A.
P.O. BOX 10304, DES MOINES, IA  50306-0304
or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $      815.21   .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____*Sherri M. Henneman*_____ (Seal)
SHERRI HENNEMAN         -Borrower

(Sign Original Only)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------

In re: JEFFREY NEIL HENNEMAN,    BKY. No.: 10-30658
SHERRI MARIE HENNEMAN,    Chapter 7

       debtors.

**AFFIDAVIT OF MOVANT'S
ASSISTANT SECRETARY**

------------------------------------------------

STATE OF SOUTH CAROLINA)

COUNTY OF YORK)

Teressa J. Williams, being duly sworn on oath states:

1. I am an Assistant Secretary with Wells Fargo Bank, N.A. In my capacity as an Assistant Secretary, I have had the opportunity to review the mortgage account of the debtors.

2. As of the date of this motion the total amount of the mortgage default is $4,898.39, plus bankruptcy attorney costs and fees totaling $800.00. A detailed breakdown of these totals can be found on the attached Local Form 4001-1.

3. As of the date of this motion the amount due under the mortgage loan was approximately $130,000.00. Based upon debtors' schedules Wells Fargo Home Equity holds a second mortgage on the property in the amount of approximately $31,255.00. According to the county tax records the current tax assessed value of the property is estimated at $52,366.00. According to the debtors the fair market value of the property is estimated at $106,000.00. Based upon the information available to the movant it estimates the fair market value of the property to be $52,366.00. Based upon the failure of the debtors to make mortgage payments and the lack of equity in the property the movant's interest in the property is not adequately protected.

Further your affiant sayeth naught except that this affidavit is made in support of the movant's motion seeking relief from the automatic stay.

This affidavit is made in support of Movant's Motion for Relief from Automatic Stay filed herein.

WELLS FARGO BANK, N.A.

Dated: 3/2/10

By: _Teressa J Williams_

Teressa J. Williams

Its: Assistant Secretary

Subscribed to and sworn before me this 2 day of March, 2010.

_____
Notary

Henneman Relief Motion – Z0739



OFFICIAL SEAL
Notary Public
State of South Carolina
PENNY S. McCRAVEN
My Commission Expires Dec. 14, 2014

**Henneman Loan History.** Begin loan history from the date of the first default related to the current default amount that is claimed in the motion.

| Date | Amount Rec'd From Debtor(s) | CHARGES ||||  Description of Other Charge |
|---|---|---|---|---|---|---|
| | | Monthly Amount Due Principal/Interest | Monthly Amount Due Escrow | Amount Due Late Fees | Amount Due Other Charge* | |
| 11/1/09 | | 815.21 | 125.86 | | | |
| 11/16/09 | | | | 40.76 | | |
| 12/1/09 | | 815.21 | 125.86 | | | |
| 12/16/09 | | | | 40.76 | | |
| 12/23/09 | | | | | 15.00 | |
| 1/1/10 | | 815.21 | 125.86 | | | |
| 1/19/10 | | | | 40.76 | | |
| 1/25/10 | | | | | 15.00 | |
| 2/1/10 | | 815.21 | 125.86 | | | |
| 2/16/10 | | | | 40.76 | | |
| 3/1/10 | | 815.21 | 125.86 | | | |
| | | | | | | |
| TOTALS | $ | $4076.05 | $629.30 | $163.04 | $30.00 | |
| | (a) | (b) | (c) | (d) | (e) | |

*Any "Other Charge" must be described, itemized by amount and allowed under note and/or mortgage (e.g., inspection fee, appraisal fee, insurance, taxes, etc.).

**Note: Columns (b) + (c) + (d) + (e) – (a) must equal the current default amount that is claimed in the motion.**

| | |
|---|---|
| Attorney fees and filing fee for the motion if allowed under note and/or mortgage and sought by Movant to resolve motion | $800.00 |
| Current Default Amount Claimed in Motion | $4898.39 |
| Escrow Balance (amounts held for payment of taxes, insurance etc.) | $-625.14 |
| Suspense Account Balance (amount of unapplied payments) | $0.00 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------

In re: JEFFREY NEIL HENNEMAN,  BKY. No.: 10-30658
SHERRI MARIE HENNEMAN,  Chapter 7

       debtors.

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

------------------------------------------------

**MEMORANDUM OF LAW**

I.    Factual Background

The debtors filed their petition on February 2, 2010 under Chapter 7 of the United States Bankruptcy Code. When the petition was filed the debtors owned an interest in real property located at 728 N. 14th St., Las Vegas, NV 89101 in Clark County, Nevada that is subject to a security interest held by movant. This real property is legally described as follows:

Lot One Hundred Thirteen (113) in Block Eleven (11) of Greater Las Vegas Addition Tract 2, as shown by map thereof on file in Book 4 of Plats, Page 87 in the Office of the County Recorder of Clark County, Nevada,

The amount due under the movant's mortgage as of the commencement of this case was approximately $130,000.00. Based upon the debtors' schedules Wells Fargo Home Equity holds a second mortgage on the property in the amount of approximately $31,255.00. According to the county tax records the current tax assessed value of the property is estimated at $52,366.00. According to the debtors the fair market value of the property is estimated at $106,000.00. Based upon the information available the movant estimates the fair market value of the property to be $52,366.00. Based upon the failure of the debtors to make mortgage payments and the lack of equity in the property the

movant's interest in the property is not adequately protected.  As of the date of this motion, the total amount of the mortgage default is $4,898.39, plus bankruptcy attorney costs and fees totaling $800.00. A detailed breakdown of these totals can be found on the attached Local Form 4001-1.

II.     Argument

As the Eighth Circuit Bankruptcy Appellate Panel stated in In re Martens, 331 B.R. 395 (8th Cir. B.A.P. 2005):

> The statutory grounds [under 11 U.S.C. §§362(d)(1) and (2)] for granting relief from the automatic stay are in the disjunctive. The bankruptcy court must, therefore, grant relief if the movant either proves cause, or proves that there is no equity in the property and that it is not necessary for a successful reorganization. Cause has been defined to mean "any reason whereby a creditor is receiving less than his bargain from a debtor and is without remedy because of the bankruptcy proceeding." A creditor is entitled to relief from the automatic stay if the debtor is not making mortgage payments, and if there is insufficient equity in the property to adequately protect the creditor.

Id. at 398 (citations omitted). "The test for determining equity under the first part of §362(d)(2) involves comparison between the total liens against the property and the property's current value. … All encumbrances are totaled to determine equity whether or not all lien-holders have requested relief from the stay." In re Bowman, 253 B.R. 233, 238 (8th Cir. B.A.P. 2000) (citations omitted). "Where there exists no equity in the property that is the subject of a motion for relief from stay, it is incumbent upon a debtor to make a showing that the property is necessary to an effective reorganization in order to successfully defend against the motion." In re Embassy Enterprises of St. Cloud, 125 B.R. 552, 554 (Bankr. D. Minn. 1991). It is axiomatic that any secured property as to which a debtor has filed a written statement of intention to surrender is not necessary to

an effective reorganization. And because a Chapter 7 bankruptcy is a liquidating case there is, by definition, no property of a Chapter 7 debtor that is necessary to an effective reorganization. Martens, supra, at 398.

Because the debtors failed to make the payments due under the mortgage and because there is not sufficient equity in the property to protect the movant's interest "cause" exists within the meaning of §362(d)(1) to grant relief from the automatic stay. Because the debtors do not have equity in the property and the property is not necessary to an effective reorganization grounds exist for granting relief from the automatic stay pursuant to §362(d)(2). Because the movant has established these facts 11 U.S.C. §362(d) provides that the court "shall" grant relief from the stay.

## CONCLUSION

Based upon the evidence before the court and controlling law the movant's motion for relief from the automatic stay should be granted.

REITER & SCHILLER, PA

Dated: March 2, 2010    By:   /e/Brian F. Kidwell
                              Brian F. Kidwell
                              Attorney for Movant
                              The Academy Professional Building
                              25 North Dale Street
                              St. Paul, MN  55102-2227
                              (651) 209-9760
                              Attorney Reg. 146493
                              (Z0739)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------

In re:  JEFFREY NEIL HENNEMAN,           BKY. No.:   10-30658
        SHERRI MARIE HENNEMAN,           Chapter 7

                debtors.


---------------------------------------------

# UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Brian F. Kidwell, an attorney licensed to practice law in this Court, with an office address of The Academy Professional Building, 25 North Dale Street, St. Paul, MN 55102-2227 declare that on March 8, 2010, I caused the following documents:

**Notice of Hearing and Motion,**
**Memorandum,**
**Affidavit,**
**and Proposed Order**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

**Nauni Jo Manty, Trustee**
**U.S. Trustee** ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
**Barry A. Rosenzweig, Esq.,** barry@barrylaw.com

I further declare that I caused a copy of the foregoing documents to be mailed to the following non-ECF participants by enclosing in an envelope and mailed by First Class Mail with postage prepaid and depositing same in the post office at St. Paul, Minnesota:

**Jeffrey Neil Henneman**            **Atlas Acquistions LLC**
 **Sherri Marie Henneman**           **294 Union St.**
**P.O. Box 18791**                   **Hackensack, NJ 07601**
**Eastside Station**                 **Attn:  Avi Schild**
**Minneapolis, MN 55418-9998**

**Wells Fargo Home Equity**
**P.O. Box 54180**
**Los Angeles, CA 90054**

And I declare, under penalty of perjury, that the foregoing is true and correct.

                                      REITER & SCHILLER, PA

Dated: March 8, 2010            By:   /e/Brian F. Kidwell
                                          Brian F. Kidwell
                                          Attorney for Movant
                                          The Academy Professional Building
                                          25 North Dale Street
                                          St. Paul, MN  55102-2227
                                          (651) 209-9760
                                          Attorney Reg. 146493
                                          (Z0739)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------------------

In re:  JEFFREY NEIL HENNEMAN,            BKY. No.:   10-30658
        SHERRI MARIE HENNEMAN,            Chapter 7

                debtors.

                                          **<u>ORDER TERMINATING STAY</u>**

------------------------------------------------

This case came before the court on the motion of Wells Fargo Bank, N.A. seeking relief from the automatic stay.

Based on the motion and the file,

IT IS ORDERED:

1.      The automatic stay imposed by 11 U.S.C. §362 is terminated as to the real property over which the movant, Wells Fargo Bank, N.A., its successors or assigns, has an interest, legally described as:

    Lot One Hundred Thirteen (113) in Block Eleven (11) of Greater Las
    Vegas Addition Tract 2, as shown by map thereof on file in Book 4 of
    Plats, Page 87 in the Office of the County Recorder of
    Clark County, Nevada

2.      Notwithstanding Fed. R. Bankr. P. 4001 (a) (3), this order is effective immediately.

Dated:

                                          _____
                                          Dennis D. O'Brien
                                          United States Bankruptcy Judge